*Hardeman & Jones, C. R. Winchester,* and *E. P. Johnston,* contra.

---

## NESMITH, administrator, v. HAND.

A deed from one apparently a stranger to the paramount title, and who does not appear to have ever been in possession of the land conveyed, is insufficient to show title in the grantee claiming thereunder; and the fact that such grantee has a homestead set apart in the land does not strengthen his title thereto, nor the title of the beneficiaries of such homestead, as his heirs at law, nor prevent prescription from running against any of them.

Submitted May 25,—Decided June 14, 1907.

Complaint.   Before Jesse W. Walters, judge pro hac vice. Mitchell superior court.   April 6, 1906.

In 1900 J. L. Hand brought an action for land against C. N. Nesmith.   There was a verdict for the plaintiff.   Defendant's mo-

tion for a new trial being overruled, he excepted.  Plaintiff claimed title by prescription under color, and on the trial introduced warranty deeds to the premises in dispute as follows: From James G. Taylor to Tapley Wade, dated December 10, 1881, and from Tapley Wade to plaintiff, dated October 6, 1893; and submitted evidence sufficient to authorize a finding that Wade was in actual, adverse possession of the land under the deed from Taylor from its date until the former sold to plaintiff in 1893, and that plaintiff held like possession from the last-named date until January 1, 1899, when defendant's possession began.  Defendant claimed that his father, William Nesmith, owned the land in 1870; and to support such claim put in the following deeds thereto: From William McKinley to W. T. Swayne, dated September 1, 1851; from C. W. Swayne to John T. Allen, dated January 1, 1853; from John T. Allen to John G. Sapp, dated September 1, 1853; from John G. Sapp to V. Godwin, dated September 9, 1865, and from V. Godwin to William Nesmith, dated October 15, 1870. Defendant also put in evidence a certified copy of homestead proceedings, showing that William Nesmith in 1870 had the land set apart as a homestead for the benefit of his wife and children. It was further shown, in behalf of defendant, that William Nesmith died in 1891, leaving a widow and the defendant and five other children as his heirs at-law, and that the widow, who is still in life, and the other five children, all of whom were of age, executed to defendant a deed to the land, in 1898.

*Pope & Bennet,* for plaintiff in error.

FISH, C. J.  (After stating the facts.)  No complaint was made in the motion for a new trial of any error of law committed by the court upon the trial, the grounds of the motion being that the verdict was contrary to law and to the evidence and to specified instructions of the court.  The contention urged here by counsel for plaintiff in error is, that the evidence showed, that the title to the land in dispute and possession of the same were in William Nesmith in 1870; that he then had it set a part as a homestead, and that as his widow, one of the beneficiaries of the homestead, was still in life, no prescription could run in favor of the plaintiff against her as such beneficiary, and that the outstanding, paramount title and the right of immediate possession were in her, and, therefore, plaintiff could not recover.  This contention is.

not sound, for the reason that title to the premises was not shown to have ever been in William Nesmith. It did not appear that any of the grantors' in the chain of deeds under which it was claimed William· Nesmith held the title had ever been in posses-sion of the land in dispute; and, therefore, William Nesmith got no title under* this chain. As was held in *Bleckley* v. *White*, 98 *Ga.* 594, "A deed from one who is apparently a stranger to the paramount title, and is not shown to have ever been in possession of the premises conveyed, is insufficient to make out a prima facie · case showing title in the grantee claiming thereunder." In de-livering the opinion, Mr. Justice Lumpkin said, "a mere deed from one not shown to have ever been in possession proves nothing more than the naked fact that the grantor in the deed thereby as-serted ownership, without disclosing upon what ground or claim of right, whether arbitrary and fictitious, or based on a real or mistaken legal or equitable title. Indeed, the grantor's assertion is no better than that of the grantee himself, when utterly unsup-ported by legal and sufficient proof of a valid right to the posses-sion or ownership of the land." It appeared from the testimony of the defendant himself that William Nesmith remained in pos-session of the premises only from the fall of 1869 until January 1871, and it further appeared that neither he nor any of the ben-eficiaries of the homestead was ever afterwards in possession, until defendant went into possession in 1898. The fact that he had a homestead set apart in the land for the benefit of his wife and chil-dren in no way strengthened his title, or that of the beneficiaries as his heirs at law. *Moore* v. *Moore*, 126 *Ga.* 737. Under the evidence, the plaintiff was entitled to recover upon prescription under color; and there was no error in overruling the motion for a new trial.. *Judgment affirmed. All the Justices concur.*